UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00025-TBR

WILLIAM T. WINCHESTER,                                                                         Plaintiff

v.

WAL-MART STORES INC.,                                                                        Defendants
SAM'S EAST, INC. d/b/a SAM'S CLUB

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendants' motion to dismiss. (Docket #5, 10). Plaintiff has responded. (Docket #11). Defendant has replied. (Docket #10, 14). Plaintiff has filed a motion for default judgment. (Docket #9). Defendant has responded. (Docket #12). Plaintiff has replied. (Docket #15). Accordingly, these matters now are ripe for adjudication. For the following reasons, Defendants' motion to dismiss (Docket #5) is GRANTED in part and DENIED in part and Plaintiff's motion for default judgment (Docket #9) is DENIED.

PROCEDURAL HISTORY

Currently pending before the Court are two interrelated motions surrounding an amended complaint. Winchester filed this lawsuit on February 2, 2015. (Docket #1). Sam's Club filed a motion for partial dismissal on March 19. (Docket #5). Winchester did not initially respond to this motion, but instead filed an amended complaint on April 7. (Docket #7). Winchester then filed a motion for default judgment on April 28, arguing that Sam's Club did not respond to the amended complaint and that Sam's Club's motion for partial dismissal did not address all of Winchester's claims. (Docket #9). Sam's Club replied to its own motion for partial dismissal and included a request to partially dismiss

Page 1 of 11

the amended complaint. (Docket #10). Winchester responded to Sam's Club's motion for partial dismissal. (Docket #11). Sam's Club responded to Winchester's motion for default judgment. (Docket #12). The parties timely replied to each other's respective motions. (Docket #14, 15).

## BACKGROUND

This matter arises out of the employment of Plaintiff William T. Winchester at Defendant Wal-Mart Stores Inc. and Sam's East, Inc. (collectively, "Sam's Club"). Winchester claims Sam's Club violated the Age Discrimination in Employment Act ("ADEA"), discriminated against him on the basis of religion, and retaliated against and wrongfully discharged Winchester. (Docket #7).

Winchester was hired as a full-time Rotisserie Associate at Sam's Club in July, 2012. In October, 2012, Winchester applied for a Team Lead position in the rotisserie/deli department. Winchester was not selected for this position. In July, 2013, Winchester applied for a Member Champion position. Winchester was also not selected for this position.

Winchester filed his first EEOC Charge against Sam's Club in August, 2013. Winchester alleged the company discriminated against him in violation of the ADEA. (Docket #5-2). Winchester filed his second EEOC Charge against Sam's Club in October, 2013, alleging that Sam's Club retaliated against him for reporting his age discrimination claim and discriminated against him for not selecting him for the Member Champion position on the basis of his religion. (Docket #5-3). Winchester left the

employment of Sam's Club on July 7, 2014. Among other claims, Winchester alleges he was constructively discharged due to harassment and threats. (Docket #11).

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

The Court will first address (I) Winchester's motion for default judgment before turning to (II) Sam's Club's motion to partially dismiss Winchester's complaint.

### I.     Default Judgment.

If a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

3

After a clerk enters a party's default, the moving party "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2);[1] *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986) ("entry of default is just the first procedural step on the road to obtaining a default judgment"). Our courts have a "policy of favoring trials on the merits." *Shepard*, 796 F.2d at 192 (6th Cir. 1986). Therefore, an entry of default may be set aside "upon a showing of 'good cause.'" *United States v. $22,050.00 United States Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing Fed. R. Civ. P. 55(c)).

Winchester argues Sam's Club is in default in two ways. First, Winchester correctly notes that he amended his complaint within twenty-one days of a Rule 12(b) motion as permitted by Rule 15(a)(1)(B). *See Jackson v. WCM Mortg. Corp.*, 2013 U.S. Dist. LEXIS 106972 (W.D. Tenn. 2013). Winchester's April 7 amended complaint required Sam's Club to respond within fourteen days. Fed. R. Civ. P. 15(a)(3). Winchester argues Sam's Club's April 30 reply (which requested dismissal of the amended complaint) and Sam's Club's May 22 answer to the amended complaint were late. Winchester's second argument is that Sam's Club's motion for partial dismissal responded only to two of Winchester's claims and therefore Winchester is entitled to default judgment on his three remaining claims.

There are several reasons why Winchester's motion for default judgment is denied. First, default judgment is inappropriate because Winchester has not completed

---

[1] A moving party may apply to the clerk for entry of default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1).

4

the "first step" of obtaining an entry of default. *Shepard Claims Service*, 796 F.2d at 193. Second, although Winchester is correct that Sam's Club was late in responding to Winchester's amended complaint, "the court has discretion to grant additional time to a party to plead or otherwise defend." *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002) (citation omitted) (citing cases in which a month late motion to dismiss was permitted). Additional time is warranted because Winchester has not been prejudiced by the delay. *Invst Fin. Group v. Chem-Nuclear Sys.*, 815 F.2d 391, 398 (6th Cir. 1987) ("it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'") (*quoting Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). Furthermore, Sam's Club has "otherwise defend[ed]" this action by filing a motion to dismiss, even if that motion did not address all of Winchester's claims. *Rashidi v. Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993).

The Court questions Winchester's argument that a defendant who moves to dismiss only a portion of plaintiff's claims must file an answer on the remaining claims. There is authority which accepts Winchester's position. *Gerlach v. Michigan Bell Tel. Co.*, 448 F. Supp. 1168, 1174 (E.D. Mich. 1978) ("Separate counts are, by definition, independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under F.R.C.P. 12(b)"). However, the majority view is that a party does not need to file an answer while a motion to dismiss is pending. *Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 250 (W.D.N.Y. 1998) (collecting cases). The "*Gerlach* [minority] approach has significant disadvantages. It requires duplicative sets of pleadings in the event that the 12(b) motion is denied and causes confusion over the proper scope of discovery during the motion's

5

pendency." *Brocksopp Engineering, Inc. v. Bach-Simpson, Ltd.*, 136 F.R.D. 485, 486-87 (E.D. Wisc. 1991).

Given the "policy of favoring trials on the merits," the lack of an entry of default, and the lack of prejudice to Winchester, the Court finds that an entry of default judgment not warranted in this case. *Shepard Claims Service*, 796 F.2d 190.

## II. Motion for Partial Dismissal.

Winchester has alleged five claims: disparate treatment, disparate impact, discrimination based on religion, retaliation, and wrongful discharge. (Docket #7). Sam's Club moves to dismiss two of Winchester's claims: wrongful discharge and disparate impact. (Docket #5, 10). Sam's Club argues Winchester has not alleged sufficient facts or a plausible basis to support his wrongful discharge claim. Sam's Club argues Winchester's disparate impact claim should be barred because he did not raise it in his EEOC complaint and because Winchester fails to make out a *prima facie* case of disparate impact.

### A. Wrongful Discharge.

Sam's Club argues that Winchester has not alleged any plausible basis for his constructive discharge claim. "To constitute a constructive discharge, the employer must deliberately create intolerable working conditions, as perceived by a reasonable person, with the intention of forcing the employee to quit and the employee must actually quit." *Moore v. KUKA Welding Sys. & Robot Corp.*, 171 F.3d 1073, 1080 (6th Cir. 1999). "In the case of constructive discharge, working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Goldmeier v. Allstate Ins. Co.*, 337 F.3d 629, 635 (6th Cir. 2003) (citation

6

omitted). The "constructive discharge issue depends upon the facts of each case and requires an inquiry into the intent of the employer and the reasonably foreseeable impact of the employer's conduct upon the employee." *Held v. Gulf Oil Co.*, 684 F.2d 427, 432 (6th Cir. 1982). Factors courts may consider include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Goldmeier*, 337 F.3d at 635 (*quoting Harris v. Forklift Sys.*, 510 U.S. 17, 23, (1993)).

Winchester alleges several facts[2] which, taken in aggregate, could have caused a reasonable person to resign. Winchester alleges that his initial evaluation was exemplary, but after he filed a complaint with the EEOC, his subsequent evaluation was lowered, affecting his annual pay. (Docket #7, p. 11). Winchester alleges that his supervisor "would just stand next to Winchester on occasions for several minutes while Winchester worked without saying anything, and then, just out of the blue, would state that he would be writing Winchester's next evaluation." (Docket #7, p. 5). Winchester alleges that his supervisor required him to "start rodding two days worth of chickens on the day before Winchester's day off, which doubled Winchester's workload and violated the Sam's Club Rotisserie Standard Operating Procedure." (Docket #7, p. 11). Winchester alleges that a meat cutting knife was left in several suspicious positions, including in a cooler where Winchester routinely stuck his hand. (Docket #7, p. 12). Another time, Winchester left

---

[2] To the extent Sam's Club argues Winchester has not clearly stated the legal theories supporting his constructive discharge claim, this argument is without merit. "Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014).

the room and when he returned, "a knife was sticking straight out of the breast of a chicken" that Winchester had marked for disposal. (Docket #7, p. 12). Winchester also alleges that his hours were reduced, even though he was a full-time employee. (Docket #7, p. 13). These reduced hours interfered with Winchester's ability to complete his required work. (Docket #7, p. 17). These allegations, which include suggestions of physical threats and interference with Winchester's ability to perform his job, are sufficient to state a claim for constructive discharge.

### B. Disparate Impact.

Sam's Club makes two arguments for why Winchester's disparate impact claim should be dismissed. First, Sam's Club argues that Winchester failed to plead facts which support a disparate impact claim. Second, Sam's Club argues Winchester did not raise a disparate impact claim in his EEOC charge and is therefore barred from now raising this claim.

To state a disparate impact claim, an employee must identify an employer's "facially neutral policy" and show that it has an adverse impact on a protected group. *EEOC v. Honda of Am., Mfg., Inc.*, 2007 U.S. Dist. LEXIS 37584 *15 (S.D. Ohio, 2007) ("a plaintiff must still identify, at the pleading stage, a specific facially neutral policy or practice that resulted in disparate impact") (citing *White v. Am. Axle & Mfg., Inc.*, 2006 U.S. Dist. LEXIS 17462 *15-17 (E.D. Mich. 2006)). "[I]t is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy." *Smith v. City of Jackson*, 544 U.S. 228, 241 (2005).

In his complaint, Winchester alleges that "Defendant screens job applicants to profit from the Work Opportunity Tax Credit," that "[h]igher pay level non-management

8

vacancies have been filled mostly by younger" applicants, and that "[y]ounger job applicants eligible for Sam's Club receiving the Work Opportunity Tax Credit are started at higher wages than older persons filling the same pay levels or positions." (Docket #7). Winchester's claims are conclusory and fail to identify any facially neutral policy and therefore his disparate impact claim must be dismissed. *EEOC v. Honda*, 2007 U.S. Dist. LEXIS 37584 at *15; *City of Jackson*, 544 U.S. at 241 ("employee is responsible for isolating and identifying the *specific* employment practices that are allegedly responsible for any observed statistical disparities") (emphasis in original).

In addition to failing plead facts supporting a claim of disparate impact, Winchester has not exhausted his administrative remedies by raising this claim in his EEOC Charge. "Pursuant to the provisions of the ADEA, an individual must first file a charge of discrimination with the EEOC" as a prerequisite to filing a civil action. *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998); *Allen,* 545 F.3d at 402. In general, the civil action is limited to the claims raised in the EEOC charge. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). "This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion." *Id*. However, courts "may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." *Id*; *Sodexho*, 157 F.3d at 463. This allowance stems from the fact that an EEOC charge is normally "filed by lay complainants" who are "unschooled in the technicalities of the law and proceed without counsel." *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005) (*citing Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir.

9

1992)). This lenient standard is tempered in this case, as Winchester is a disbarred attorney. *Winchester v. City of Hopkinsville*, 2015 U.S. Dist. LEXIS 29715 (W.D. Ky. 2015).

It is undisputed that Winchester failed to overtly allege disparate impact in his EEOC Charge. The issue therefore is whether Winchester alleged sufficient facts to put Sam's Club on notice of Winchester's claim. Winchester's EEOC Charge primarily details how he was not hired for a job that went to a younger, less experience applicant. Winchester also alleged: "During the past year, I observed older persons are hired into more laborious and lower pay level positions, while younger persons have been hired into higher pay level positions." (Docket #5-2). This statement is not enough to support a disparate impact claim, which is a claim that Sam's Club had "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another." *Allen*, 545 F.3d at 403; *see also Haddad v. Wal-Mart Stores East, L.P.*, 982 F. Supp. 2d 825, 839 (M.D. Tenn. 2013).

## CONCLUSION

IT IS HEREBY ORDERED that, for the foregoing reasons, Plaintiff's motion for default judgment (Docket #9) is DENIED. Defendants' motion to dismiss (Docket #5, 10) Winchester's wrongful discharge claim is DENIED and motion to dismiss Winchester's disparate impact claim is GRANTED.

IT IS FURTHER ORDERED that a teleconference is scheduled for June 29, 2015 at 10:30 am. Central Time. The Court shall place the call. The Court shall contact

Plaintiff at 270-349-4998.  If Plaintiff is to be reached at a different number, then Plaintiff shall contact the Court (270-415-6430) with the new number.

cc:     counsel of record

       William T. Winchester
       P.O. Box 643
       Paducah, KY 42002